IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | | |
|---|---|---|
| IN RE: | * | |
|    Justin T. Wynne | * | CASE NO. 3:09-bk-3195-JAF |
|    Jamie L. Wynne | * | (Chapter 7) |
|          Debtors | | |
| _____ | | |
| JUSTIN T. WYNNE | | |
| JAMIE L. WYNNE, | * | |
|       Plaintiffs | * | |
| v. | * | |
| | | Adversary Proceeding No. |
| AURORA LOAN SERVICES, LLC | | |
| 10350 PARK MEADOWS DRIVE | | |
| LITTLETON, COLORADO 80124 | * | |
|       Defendant | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT

Justin T. Wynne and Jamie L. Wynne sue the Defendant, Aurora Loan Services, LLC, stating as follows:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157, 1334.

2. Venue is proper pursuant to 28 U.S.C. §1409.

3. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A),(B),(C),(K).

4. Mr. and Mrs. Wynne are the Debtors in this case.

5. Defendant is a Delaware limited liability company engaged in the business of collecting consumer debts.

FACTUAL AND PROCEDURAL BACKGROUND

6. In 2007 Mr. Wynne and his wife received a loan (the "Loan") from GN Mortgage, LLC for the purchase of a personal residence (the "Property") located at 3839 B Ward Street, Jacksonville, Florida.

7. The Loan was secured by a mortgage (the "Mortgage") on the Property.

8. In September, 2008, after the Loan was in default, Defendant obtained an assignment of the Mortgage.

9. On June 4, 2008 Mr. and Mrs. Wynne commenced the underlying Chapter 7 bankruptcy case, no. 3:04-bk-1451 (the "Bankruptcy").

10. Mr. and Mrs. Wynne scheduled Defendant as a secured creditor in the Bankruptcy, with an address of P.O. Box 1706, Scottsbluff, NE  69363-1706.

11. Notice of filing of the Bankruptcy was sent by the Bankruptcy Noticing Center to Defendant by first class mail to the scheduled address on June 7, 2008.  It was not returned by the post office.

12. Beginning in June, 2008, and each month thereafter, Defendant, in an attempt to collect a debt, informed Experian Information Systems, LLC on nine separate occasions that Mr. Wynne owed Defendant the sum of $243,200.00 with an alleged past due balance of $16,005.00.

13. On August 29, 2008, without seeking or obtaining prior permission from the Bankruptcy Court, Defendant, in an attempt to collect a debt, filed a foreclosure lawsuit (the "Foreclosure Suit") in the Circuit Court for Duval County, Florida, case no. 16-2008-CA-11256.

14. On September 4, 2008, without seeking or obtaining prior permission from the Bankruptcy Court, Defendant, in an attempt to collect a debt, caused a process server to visit Mr.

and Mrs. Wynne at home and served them with summonses and complaints in the Foreclosure Suit.

15.     From August, 2008 through February, 2009, Defendant, without seeking or obtaining prior permission from the Bankruptcy Court, Defendant communicated with Mr. and Mrs. Wynne in an attempt to collect its debt, including accepting applications for short sale of the property and for loan modification, and requesting and receiving Mr. and Mrs. Wynne's detailed financial information.  Mrs. Wynne repeatedly informed Defendant of the Bankruptcy during these negotiations.

16.     Mr. and Mrs. Wynne received a discharge in the Bankruptcy on October 28, 2008.  A copy of the Discharge was sent by the Bankruptcy Noticing Center to Defendant by first class mail to the scheduled address on October 30, 2008.  It was not returned by the post office.

17.     While Mr. and Mrs. Wynne were attempting to negotiate a short sale or loan modification, representatives of Defendant repeatedly stated to them that while loan modification was under review the foreclosure proceedings would be paused.  Defendant nonetheless sought and obtained a summary final judgment in the Foreclosure Suit on February 4, 2009.

18.     Following entry of the discharge, Defendant, in an attempt to collect a debt, continued to inform Experian Information Systems, LLC that Mr. Wynne had a substantial delinquent unpaid balance owed to Defendant.

## COUNT I – AUTOMATIC STAY VIOLATION

19.     Mr. and Mrs. Wynne incorporate the allegations of paragraphs 1 through 18 of this Complaint.

20.     Defendant received notice of the pendency of the automatic stay by means of the notice sent to it by the Bankruptcy Noticing Center.

21. Defendant willfully violated the Automatic Stay by (a) repeatedly reporting an alleged default on Mr. Wynne's Experian credit report, (b) filing and continuing the Foreclosure Suit, and (c) serving Mr. and Mrs. Wynne with process in the Foreclosure Suit.

WHEREFORE, Justin T. Wynne and Jamie L. Wynne request judgment against Aurora Loan Services, LLC for actual and punitive damages, together with interest, costs of suit, and reasonable attorney's fees.

## COUNT II – DISCHARGE VIOLATION

22. Mr. and Mrs. Wynne incorporates the allegations of paragraphs 1 through 18 of this Complaint.

23. Defendant received notice of the entry of the discharge injunction by means of the notice sent to it by the Bankruptcy Noticing Center.

24. Defendant willfully violated the Discharge Injunction by (a) seeking and obtaining a Final Judgment in the Foreclosure Suit which provided for payment of monies by Plaintiffs and (b) repeatedly reporting an alleged default of the discharged debt on Mr. Wynne's Experian credit report.

WHEREFORE, Justin T. Wynne and Jamie L. Wynne request judgment against Aurora Loan Services, LLC for actual and punitive damages, together with interest, costs of suit, and reasonable attorney's fees.

## COUNT III – ILLEGAL COLLECTION PRACTICES

25. Mr. and Mrs. Wynne incorporate the allegations of paragraphs 1 through 18 above.

26. Defendant's collection of a consumer mortgage debt by means of misrepresentations, its actions to enforce a debt known by Defendant to be stayed by the

automatic stay and subsequently discharged in the bankruptcy case, and its direct communication with a debtor known by the Defendant to be represented by counsel violated the Florida Consumer Collection Practices Act, Fla. Stat. §559.72, and the Federal Fair Debt Collection Practices Act, 15 U.S.C. §§1692e.

WHEREFORE, Justin T. Wynne and Jamie L. Wynne request judgment against Aurora Loan Services, LLC for actual and punitive damages, together with interest, costs of suit, and reasonable attorney's fees.

## COUNT IV – SLANDER OF TITLE

27. Mr. and Mrs. Wynne incorporate the allegation of paragraphs 1 through 18, above.

28. Contemporaneous with the filing of the foreclosure, Defendant caused to be recorded in the official public record of Duval County a Lis Pendens.

29. The Lis Pendens was filed by Defendant even though Defendant had been served with the notice of the bankruptcy case and automatic stay.

30. As a result of the automatic stay, Defendant could not have reasonably believed the Lis Pendens to be based upon an obligation which was at that time enforceable against the Property.

31. The Lis Pendens falsely implies that the Property is the subject of a lawful foreclosure proceeding.

32. The Lis Pendens constitutes a willful slander of Mr. and Mrs. Wynne's title to the Property.

6

WHEREFORE, Justin T. Wynne and Jamie L. Wynne request judgment against Aurora Loan Services, LLC for actual and punitive damages, together with interest, costs of suit, and reasonable attorney's fees.

/s/ Wendell Finner
WENDELL FINNER, Florida Bar No. 0093882
234 Ninth Avenue South
Jacksonville Beach, Florida  32250-6537
(904) 242-7070

*Attorney for Plaintiff*