**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:                                                                            Case No. 3:08-bk-3195-PMG

JUSTIN T. WYNNE
and JAMIE LEE WYNNE,

_____ Debtors.                    Chapter 7

JUSTIN T. WYNNE
and JAMIE LEE WYNNE,

                        Plaintiffs,

vs.                                                                               Adv. No. 3:09-ap-97-PMG

AURORA LOAN SERVICES, LLC,

_____ Defendant.

**ORDER ON MOTION TO DISMISS ADVERSARY COMPLAINT**

**THIS CASE** came before the Court for hearing to consider the Motion to Dismiss Adversary Complaint filed by the Defendant, Aurora Loan Services LLC (Aurora).

The Debtors, Justin T. Wynne and Jamie L. Wynne, commenced this adversary proceeding by filing a Complaint for damages against Aurora. In the Complaint, the Debtors generally allege that Aurora engaged in certain postpetition activity to collect a prepetition debt, and that such activity constituted a violation of the automatic stay, a violation of the discharge injunction, and a violation of

1

the federal Fair Debt Collection Practices Act (FDCPA) and the Florida Consumer Collection Practices Act (FCCPA).

In response, Aurora contends that the Complaint should be dismissed because (1) the claims based on alleged violations of the stay and the discharge injunction were improperly brought as a private action for money damages instead of a motion for contempt, and because (2) the Court lacks subject matter jurisdiction over the claims asserted under the FDCPA and the FCCPA.

**Background**

The Debtors filed a petition under Chapter 7 of the Bankruptcy Code on June 4, 2008. Aurora Loan Services was included on the list of creditors filed with the petition.

On July 10, 2008, the §341 meeting of creditors was concluded in the Chapter 7 case, and the Trustee issued his Report of No Distribution.

On September 29, 2008, the Court entered an Order Approving Trustee's Report of No Distribution and Conditionally Closing Estate Without Entry of a Discharge. (Doc. 21).

On October 28, 2008, the Debtors received their Discharge, and the bankruptcy case was closed. (Doc. 25).

On March 3, 2009, the Debtors filed a Motion to Reopen Case to Redress Discharge Violations. (Doc. 27). The Motion was granted, and the Debtors filed the Complaint against Aurora that commenced this adversary proceeding.

In the Complaint, the Debtors allege that they had obtained a loan and mortgage for the purchase of their home prior to the filing of the Chapter 7 petition, and that Aurora is the holder of the loan and mortgage. (Doc. 1, Paragraphs 1-3). The Debtors also allege that, after the filing of the bankruptcy petition but before the entry of the Discharge, Aurora violated the automatic stay by (1) informing a

credit reporting service that the Debtors owed a delinquent debt, (2) filing and serving a foreclosure action, and (3) communicating directly with the Debtors in an attempt to collect the debt. (Doc. 1, Paragraphs 12-15). The Debtors further allege that, after the entry of the Discharge, Aurora violated the discharge injunction by (1) obtaining a final summary judgment in the foreclosure action, and by (2) continuing to inform the credit reporting service that the Debtors owed a delinquent debt. (Doc. 1, Paragraphs 17-18).

The Debtors' Complaint against Aurora contains four Counts. Count I is an action for damages for violation of the automatic stay; Count II is an action for damages for violation of the discharge injunction; Count III is an action for damages for violations of the FDCPA and the FCCPA; and Count IV is an action for damages for slander of title.

## Discussion

Aurora contends that Count I and Count II of the Complaint should be dismissed because there is no private right of action for violations of the discharge injunction, and because the Debtors did not bring a contempt proceeding to address the alleged violations. Aurora further contends that Count III and Count IV of the Complaint should be dismissed because the Court lacks subject matter jurisdiction over the claims asserted under the FDCPA, the FCCPA, and state law.

### I. Standard for dismissal

Rule 12(b) of the Federal Rules of Civil Procedure, as made applicable to this proceeding by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, provides in part:

> **Rule 12. Defenses and Objections: When and How Presented; Motion for Judgment on the Pleadings; Consolidating Motions; Waiving Defenses; Pretrial Hearing**
>
> . . .

**(b) How to Present Defenses.** Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:

(1) lack of subject-matter jurisdiction;

. . .

(6) failure to state a claim upon which relief can be granted.

F.R.Civ.P. 12(b).

"Rule 12(b)(1) allows a defendant to bring a motion to dismiss a complaint for lack of subject-matter jurisdiction." In re Aegis Mortgage Corporation, 2008 WL 2150120, at 3 (Bankr. D.Del.). After subject matter jurisdiction has been challenged under Rule 12(b)(1), the plaintiff has the burden of showing the presence of subject matter jurisdiction by a preponderance of the evidence. In re Aegis Mortgage Corporation, 2008 WL 2150120, at 3(quoting Lunney v. United States, 319 F.3d 550, 554 (2d Cir. 2003)). Further, the plaintiff's allegations regarding subject matter jurisdiction are not presumed to be truthful. Instead, the Court "must evaluate for itself the merits of the jurisdictional claims." In re Aegis Mortgage Corporation, 2008 WL 2150120, at 3(quoting Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005)).

Rule 12(b)(6), on the other hand, "allows a defendant to test the legal sufficiency of a complaint." In re Sanchez, 2008 WL 4467207, at 2 (Bankr. S.D. Fla.). Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). To satisfy this general pleading requirement and avoid dismissal under Rule 12(b)(6), "a plaintiff must allege sufficient facts to support the allegations in the complaint and state a plausible claim." In re Sanchez, 2008 WL 4467207, at 2(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

## II. Count I

Count I of the Debtors' Complaint is an action for damages for violation of the automatic stay.

Section 362(a) of the Bankruptcy Code provides that a petition filed under §301, §302, or §303 of title 11 operates as a stay of a broad range of actions against the debtor, property of the debtor, or property of the estate. 11 U.S.C. §362(a). It is well-established that the stay created by §362(a) is self-executing or "automatic" upon the filing of the petition. In re Barr, 318 B.R. 592, 597 (Bankr. M.D. Fla. 2004).

Section 362(k) of the Bankruptcy Code provides in part:

**11 U.S.C. §362. Automatic stay**

. . .

(k)(1) Except as provided in paragraph (2), an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

11 U.S.C. §362(k)(1). Section 362(k) is intended to hold creditors accountable for injuries caused by willful violations of the automatic stay. In re Wingard, 382 B.R. 892, 900 (Bankr. W.D. Penn. 2008).

The Debtors in this case do not expressly refer to §362(a) or §362(k) in their Complaint. The Debtors allege however, that Aurora received notice of the automatic stay (Complaint, Paragraphs 11, 20), and that Aurora willfully violated the stay by engaging in the following conduct:

> 1. On nine separate occasions commencing in June of 2008, Aurora informed Experian Information Systems, LLC that the Debtors owed Aurora the sum of $243,200.00, with a delinquency in the amount of $16,005.00. (Complaint, Paragraphs 12, 21).
>
> 2. On August 29, 2008, Aurora filed a foreclosure action against the Debtors in the Circuit Court for Duval County, Florida, Case No. 16-2008-CA-11256. (Complaint, Paragraphs 13, 21).

3. On September 4, 2008, Aurora caused the Debtors to be served with the summons and complaint in the foreclosure action. (Complaint, Paragraphs 14, 21).

Based on the allegations, the Debtors seek actual and punitive damages, including attorneys' fees and costs, for Aurora's willful violation of the automatic stay.

The Court has considered the record, and finds that the Debtors alleged sufficient facts to support the allegations in the Complaint, and that the Debtors stated a plausible claim under §362(a) and §362(k) of the Bankruptcy Code. Aurora's Motion to Dismiss Count I should be denied.

### III. Count II

Count II of the Debtors' Complaint is an action for damages for violation of the discharge injunction. Aurora contends that Count II should be dismissed because there is no private right of action for violations of the discharge injunction, and because the Debtors did not seek an order of contempt. (Doc. 7, pp. 8-13).

Section 524(a) of the Bankruptcy Code provides that a discharge in a bankruptcy case operates as an injunction against the commencement or continuation of any action to collect a discharged debt from the debtor. 11 U.S.C. §524(a)(2). "Section 524(a) is a broad injunction power which effectively bars creditors from collecting debts as personal liabilities from a discharged debtor." In re Meyers, 344 B.R. 61, 64 (Bankr. E.D. Penn. 2006).

Unlike §362 of the Bankruptcy Code, however, §524 does not contain an express provision authorizing an award of actual damages as a remedy for violations of the discharge injunction. See In re Hardy, 97 F.3d 1384, 1389 (11th Cir. 1996)(Section 524 "does not specifically authorize monetary relief.") and In re Nassoko, 405 B.R. 515, 520 (Bankr. S.D.N.Y. 2009)("Section 524 does not include an explicit enforcement mechanism.").

Historically, Courts have referred to the remedy provided by §362(k) as a private right of action, and noted the absence of a parallel provision in §524. "[I]n contrast to section 362(h)[now §362(k)], which remedies violations of the automatic stay by mandating actual damages, . . . section 524 is silent with respect to a private right of action for debtors injured by a creditor's violation of the discharge injunction." In re Meyers, 344 B.R. at 64.

It is widely accepted, however, that Bankruptcy Courts may invoke their statutory contempt power under §105 of the Bankruptcy Code to provide a remedy for willful violations of the discharge injunction. In re Hardy, 97 F.3d at 1389; In re Nassoko, 405 B.R. at 520. Section 105(a) authorizes the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" title 11. 11 U.S.C. §105(a).

In other words, even though §524 does not expressly authorize a "private right of action" for violations of the discharge injunction, courts may exercise their contempt power under §105 to enforce the provisions of §524.

> The absence of an express right of action under section 524 if, in fact, no such right of action exists, does not mean that a violation of the discharge injunction cannot be remedied. Bankruptcy courts have regularly exercised their contempt power under 11 U.S.C. §105 in order to remedy violations of the discharge injunction.

In re Meyers, 344 B.R. at 64-65. A private right of action is not a prerequisite to the enforcement of §524, because "it is now clear that 11 U.S.C. §105(a) authorizes the Bankruptcy Court to utilize its equitable powers to enforce the §524(a) discharge injunction." In re Singleton, 269 B.R. 270, 275 (Bankr. D. R.I. 2001). "[M]ost courts hold there is no private right of action under Section 524, and offer contempt proceedings as the traditional way of addressing violations of discharge orders." In re Venegas, 257 B.R. 41, 48 n.3 (Bankr. Idaho 2001).

In this case, Aurora asserts that Count II of the Debtors' Complaint should be dismissed because §524 does not create a private right of action, and because the Debtors did not seek the entry of an order of contempt under §105(a). (Doc. 7, pp. 11-13). The Court finds that Aurora's Motion to Dismiss Count II should be denied.

In In re Motichko, 395 B.R. 25 (Bankr. N.D. Ohio), as in the case before the Court, the debtors had filed a complaint seeking damages for violation of the discharge injunction, and the defendant moved to dismiss the action on the grounds that (1) there is no private right of action for violations of the discharge injunction, and (2) the debtors should have filed a motion for contempt instead of an adversary proceeding. In re Motichko, 395 B.R. at 28-29. In denying the motion to dismiss, the Court first noted the majority view that violations of §524 are remedied through the court's contempt powers, even though no private right of action expressly appears in the discharge statute. Id. at 29.

Second, the Court found that the debtors' complaint was viable even though it was not framed as a request for contempt.

> While Debtors' Complaint does not expressly seek to have [the defendant] held in contempt, the Court finds that Count I is sufficiently pled to seek such relief, for purposes of deciding the Motion to Dismiss. . . .
>
> In order to survive the Motion to Dismiss, the Complaint must provide [the defendant] with notice of a cognizable claim asserted against it for violation of the discharge injunction in 11 U.S.C. §524. The Complaint, therefore, must contain facts alleging each material element of violation of the discharge injunction, i.e. contempt of court.

Id. at 30-31. In Motichko, the Court determined that the debtors had adequately alleged each required element of a claim for violation of the discharge injunction, and denied the motion to dismiss. Id. at 31.

In this case, the Debtors alleged that they received their discharge on October 28, 2008, and that Aurora was served with the discharge on October 30, 2008. (Complaint, Paragraph 16). The Debtors further alleged that Aurora continued to inform Experian Information Systems, LLC after October 28, 2008, that the Debtors' account was delinquent, and obtained a final summary judgment in the foreclosure action "which provided for payment of monies by Plaintiffs." (Complaint, Paragraphs 17, 18, 24).

Under these circumstances, the Court finds that the Debtors alleged the essential elements of a contempt action based on a willful violation of the discharge injunction. Specifically, they alleged the existence of a valid order, Aurora's knowledge of the order, and Aurora's violation of the order. In re Motichko, 395 B.R. at 25; In re Meyers, 344 B.R. at 65; In re Singleton, 269 B.R. at 275. Aurora's Motion to Dismiss Count II of the Complaint should be denied.

### IV. Counts III and IV

Count III of the Debtors' Complaint is an action for damages for illegal collection practices under the Florida Consumer Collection Practices Act (FCCPA) and the federal Fair Debt Collection Practices Act (FDCPA). According to the Debtors, the Count is based on Aurora's "collection of a consumer mortgage debt by means of misrepresentations, its actions to enforce a debt known by Defendant to be stayed by the automatic stay and subsequently discharged in the bankruptcy case, and its direct communication with a debtor known by the Defendant to be represented by counsel." (Complaint, Paragraph 26).

Count IV is an action for damages for slander of title. Count IV is based on Aurora's recordation of a lis pendens in the public records of Duval County, Florida in connection with the filing of the foreclosure action on August 29, 2008. (Complaint, Paragraphs 28-32).

Aurora asserts that Counts III and IV should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure because this Court lacks subject matter jurisdiction over the claims.

Section 1334(b) of title 28 provides that "district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. §1334(b). "This provision creates jurisdiction in three categories of proceedings: those that 'arise under title 11,' those that 'arise in cases under title 11,' and those 'related to cases under title 11.' The bankruptcy court's jurisdiction is derivative of and dependent upon these three bases." In re Toledo, 170 F.3d 1340, 1344 (11th Cir. 1999).

Proceedings that "arise under" title 11 are "matters invoking a substantive right created by the Bankruptcy Code." Carter v. Rodgers, 220 F.3d 1249, 1253 (11th Cir. 2000); In re Toledo, 170 F.3d at 1345. Proceedings that "arise in a case under title 11" are "generally thought to involve administrative-type matters," or "matters that could arise only in bankruptcy." Carter v. Rodgers, 220 F.3d at 1253; In re Toledo, 170 F.3d at 1345.

In this case, the claims asserted by the Debtors in Count III and Count IV of the Complaint do not "arise under" or "arise in" cases under title 11. The claims under the FDCPA and FCCPA and the claim for slander of title are not causes of action created by the Bankruptcy Code and can exist outside the bankruptcy case. In re Vienneau, 410 B.R. 329, 334 (Bankr. D. Mass. 2009). Violations of the FDCPA, for example, "may be brought in any appropriate United States district court . . . or in any other court of competent jurisdiction" pursuant to 15 U.S.C. § 1692k(d), and therefore exist outside of bankruptcy. In re Harlan, 402 B.R. 703, 711 (Bankr. W.D. Va. 2009).

> Applying these standards, it is clear that neither the FDCPA nor the state law claims "arise in" or "arise under" a particular bankruptcy case. Neither cause of action represents a claim created by the Bankruptcy Code; neither type of claim arises from

10

the administration of the bankruptcy case; and both claims exist independently of bankruptcy cases and are frequently raised in non-bankruptcy fora.

In re Csondor, 309 B.R. 124, 129 (Bankr. E.D. Penn. 2004).  See also In re Shortsleeve, 349 B.R. 297, 300 (Bankr. M.D. Ala. 2006)(FDCPA claims are created by nonbankruptcy provisions of federal law, and are not administrative matters that could arise only in a bankruptcy context.).  The Debtors' claims in Counts III and IV do not "arise under" or "arise in" their bankruptcy case.

Additionally, the claims asserted by the Debtors in Counts III and IV are not "related to" the bankruptcy case.  "The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy."  Carter v. Rodgers, 220 F.3d at 1253; In re Toledo, 170 F.3d at 1345.  Courts that have considered FDCPA claims and corresponding state law claims based on a creditor's postpetition collection activity have found that the causes of action are not "related to" the bankruptcy case.

In Vienneau, for example, the debtors had filed a complaint alleging violations of the automatic stay, the discharge injunction, the FDCPA, and the Massachusetts fair debt collection act, among other state law claims.  In re Vienneau, 410 B.R. at 332.  The Court found that the claims were not "related to" the debtors' bankruptcy case because the creditor's acts occurred postpetition, and claims that arise postpetition are not property of the estate.  According to the Court, therefore, "[w]hatever the outcome of these causes of action, the Debtors' estates will be unaffected."  Id. at 334.

Similarly, in Harlan, the debtors had filed a complaint for damages based on alleged violations of the discharge injunction and the FDCPA.  In re Harlan, 402 B.R. at 708.  The Court found that the debtors' FDCPA claim was not "related to" the bankruptcy case.

> Any recovery on a postpetition claim under the FDCPA is not property of the bankruptcy estate under section 541(a)(1) of the Bankruptcy Code because the claim did not exist as of the commencement of the case. (Citation omitted). Thus, the disposition of a post-petition FDCPA claim will have no conceivable effect on a debtor's bankruptcy estate.

Id. at 712. Because the FDCPA claim would not benefit the estate, it was not related to the bankruptcy case, even though it may have shared a "common factual nexus" with the debtors' claim under §524. Id. at 713.

Other courts have also dismissed FDCPA claims and corresponding state law claims on the premise that they were postpetition causes of action that could not benefit the estate. See In re Torres, 367 B.R. 478, 481 (Bankr. S.D.N.Y. 2007)(The debtors' state law claims for postpetition credit report violations were dismissed because the debtors had received their discharges in the fully-administered chapter 7 case, and sought the damages for themselves, not their estate.); In re Johnston, 2007 WL 1166017, at 6 (Bankr. N.D. W. Va.)(A state law claim based on postpetition communications with the debtor was dismissed because "win, lose, or draw, the bankruptcy estate will be wholly unaffected by the outcome of the litigation."); In re Shortsleeve, 349 B.R. at 300(The debtor's claims under the FDCPA arose postpetition and were not property of the estate, with the result that "prosecution of the FDCPA claims, successful or otherwise, could have no effect upon the administration of the bankruptcy estate."); and In re Csondor, 309 B.R. at 129-30(The debtor's FDCPA claims and corresponding state law claims were dismissed because they arose postpetition and will not impact the bankruptcy estate, since any recovery under the claims would belong only to the debtor.).

In the case before the Court, the Debtors assert that Aurora violated the FDCPA and the FCCPA by providing misleading information to a credit reporting service, by commencing and prosecuting a forclosure action, and by communicating directly with the Debtors, despite Aurora's knowledge that

the automatic stay and the discharge injunction were in effect. (Complaint, Paragraph 26). The Debtors also assert that Aurora slandered the title to their real property by recording a lis pendens in connection with the foreclosure action. (Complaint, Paragraphs 28-32).

Clearly, all of the conduct alleged in the Complaint occurred postpetition. The Debtors' claims arose postpetition and do not constitute property of the estate. The Debtors are seeking to recover damages based on the claims for their own benefit, and not for the benefit of the estate. Because the outcome of the proceeding will not have any effect on the estate being administered in bankruptcy, the Debtors' FDCPA and state law claims are not "related to" the bankruptcy case within the meaning of 28 U.S.C. §1334(b), and this Court lacks subject matter jurisdiction over the claims asserted in Count III and Count IV of the Complaint.

**Conclusion**

The Debtors filed a Complaint against Aurora for violation of the automatic stay, violation of the discharge injunction, violation of the Fair Debt Collection Practices Act and the Florida Consumer Collection Practices Act, and slander of title. Aurora filed a Motion to Dismiss the Complaint.

The Motion to Dismiss should be denied as to Count I, because the Debtors have stated a plausible claim under §362(k) of the Bankruptcy Code. Additionally, the Motion to Dismiss should be denied as to Count II, because courts may exercise their contempt powers under §105 of the Bankruptcy Code to enforce the discharge injunction, even absent a private right of action under §524, and the Debtors have alleged the essential elements of a claim for contempt based on Aurora's violation of the discharge injunction.

The Motion to Dismiss should be granted, however, as to Count III and Count IV of the Complaint. The Court lacks subject matter jurisdiction over the Debtors' claims under the FDCPA and

13

corresponding state law, because the claims arose postpetition and are not property of the estate. Since the outcome of the Counts will not have any effect on the Debtors' bankruptcy estate, the claims are not "related to" the bankruptcy case as required by 28 U.S.C. §1334(b).

Accordingly:

**IT IS ORDERED** that:

1. The Motion to Dismiss Adversary Complaint filed by Aurora Loan Services LLC is denied as to Count I and Count II of the Debtors' Complaint.

2. The Motion to Dismiss Adversary Complaint filed by Aurora Loan Services LLC is granted as to Count III and Count IV of the Debtors' Complaint, and Count III and Count IV of the Complaint are dismissed.

DATED this 14 day of January, 2010.

BY THE COURT

_____
PAUL M. GLENN
Chief Bankruptcy Judge